**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, and Federal Deposit Insurance Corporation, in its capacity as Receiver of Indian Springs State Bank, and Federal Savings & Loan Insurance Corporation, an agency of the United States of America, Plaintiffs,**

v.

**Mario RENDA, et al., Defendants.**

**Civ. A. No. 85–2116–O.**

United States District Court,
D. Kansas.

June 28, 1988.

Mark W. McGrory, Michael C. Manning, Brian E. Gardner, Marc E. Elkins, James W. Howard, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., Daniel W. Persinger, Deputy Gen. Counsel, Christopher A. Byrne, Sr. Atty., Federal Deposit Ins. Corp., Washington, D.C., for Federal Deposit Ins. Corp. and Federal Sav. & Loan Ins. Corp.

Dorothy L. Nichols, Loretta R. Pitt, John B. Beaty, Office of the Gen. Counsel, Federal Home Loan Bank Bd., Washington, D.C., for additional plaintiffs.

Renate Winkler, Honolulu, Hawaii, pro se.

Sammy G. Daily, Sam Daily Realty, Inc., Kaneohe, Hawaii, pro se.

Ron Gooding, Steven M. Dickson, Dickson & Pope, Topeka, Kan., for Sammy G. Daily and Sammy Daily Realty, Inc.

Edward C. Schmidt, Roy A. Powell, Andrea Kurtz, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, Pa., for Nina Associates, Ltd. and Antoinette Renda.

Ronald G. Russo, Shira A. Scheindlin, Richard A. Greenberg, Elliott Louis Pell, New York City, James Wyrsch, Susan M. Hunt, Carl Cornwell, Horner, Duckers & Cornwell, Kansas City, Kan., for Mario Renda, Southbrook Homes, Inc., Nina Associates, Ltd., First United Realty Co.,

First United Fund, Ltd. and First United Financial Corp.

## MEMORANDUM AND ORDER

### EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of the plaintiffs Federal Deposit Insurance Corporation (FDIC) and Federal Savings and Loan Insurance Corporation (FSLIC) to dismiss counterclaims and strike certain affirmative defenses. The FDIC, in its corporate capacity and its capacity as receiver for the Indian Springs State Bank (ISSB) and the Rexford State Bank (RSB), and the FSLIC in its corporate capacity as the holder and owner of certain claims assigned to it by the Coronado Federal Savings and Loan Association of Kansas City (Coronado), brought this action alleging violations of the Racketeer Influenced and Corrupt Organizations Act, *see* 18 U.S.C. §§ 1961 *et seq.*, securities laws violations, and state law claims including common law fraud. The defendants named in the second amended complaint include, among others, Mario Renda, the Corporate Renda Defendants,[1] Antoinette Renda and Nina Associates, Ltd. (Nina Defendants), and Sammy G. Daily and Sam Daily Realty, Inc. (Daily Defendants). The essence of the plaintiffs' second-amended complaint is that the defendants devised a complicated "linked financing" scheme to profit from the acquisition of fraudulent and illegal loans. Targets of the alleged scheme included ISSB, RSB, and Coronado.

The defendants' answers to the plaintiffs' second-amended complaint assert a number of affirmative defenses and counterclaims which the plaintiffs contend should be stricken and dismissed. The following is a summary of these affirmative defenses and counterclaims:

The Corporate Renda Defendants' affirmative defenses in question are numbered 8 through 15:

8. The plaintiffs' claims are barred because no actions or inactions on the part of the Corporate Renda Defendants caused the plaintiffs' alleged damages.

9. The plaintiffs' damages, if any, were caused by the plaintiffs' own negligence and failure to properly assert their regulatory and supervisory authority.

10. The Corporate Renda Defendants are not liable for losses sustained by the FDIC in its capacity as receiver for ISSB because no action or inaction by the Corporate Renda Defendants was the proximate cause of ISSB's failure.

11. The Corporate Renda Defendants are not liable for losses sustained by the FDIC as receiver for RSB because no action or inaction on the part of the Corporate Renda Defendants was the proximate cause of RSB's failure.

12. The Corporate Renda Defendants are not liable for losses sustained by the FSLIC as receiver for Coronado because no action or inaction on the part of the Corporate Renda Defendants was the proximate cause of Coronado's failure.

13. The Corporate Renda Defendants are not liable for the costs of administration or liquidation incurred by the FDIC in its corporate capacity in connection with the closing of ISSB because no action or inaction by the Corporate Renda Defendants was the proximate cause of ISSB's failure.

14. The Corporate Renda Defendants are not liable for the costs of administration or liquidation incurred by the FDIC in its corporate capacity in connection with the closing of RSB because no action or inaction by the Corporate Renda Defendants caused RSB's failure.

---

**1.** The Corporate Renda Defendants consist of the following entities: Southbrook Homes, Inc.; First United Realty Co.; First United Fund, Ltd.; First United Financial; Cindy Real Estate Part- ners, Inc.; MFS Partners, Inc.; Nevada Holdings Co., Inc.; Seaside Ventures, Ltd.; Waikiki Gateway Partners, Inc.; and Kansas City Associates, Inc., a/k/a Hawaiian Properties, Inc.

15. The Corporate Renda Defendants are not liable for the costs of administration or liquidation incurred by the FSLIC in its corporate capacity in connection with the closing of Coronado because no action or inaction by the Corporate Renda Defendants caused Coronado's failure.

The Daily Defendants' affirmative defenses in question are also numbered 8 through 15 and are identical to those of the Corporate Renda Defendants.

The Nina Defendants' affirmative defenses in question are numbered 8 through 12 and 24:

8. The plaintiffs' damages, if any, were caused in whole or in part by the plaintiffs' acts, omissions, negligence, or fault, and not by any wrongdoing on the part of the Nina Defendants.

9. The Nina Defendants are not liable for the FDIC's alleged losses as receiver for the ISSB because no action or inaction by the Nina Defendants caused the ISSB's failure.

10. The Nina Defendants are not liable for the costs of administration or liquidation allegedly incurred by the FDIC in its corporate capacity in connection with the closing of ISSB because no action or inaction by the Nina Defendants caused the ISSB's failure.

11. The Nina Defendants are not liable for the costs of administration or liquidation allegedly incurred by the FDIC in its corporate capacity in connection with the closing of RSB because no action or inaction by the Nina Defendants caused the RSB's failure.

12. The Nina Defendants are not liable for the costs of administration or liquidation allegedly incurred by the FSLIC in its corporate capacity in connection with the closing of Coronado because no action or inaction by the Nina Defendants caused Coronado's failure.

24. The plaintiffs' damages, if any, were caused in whole or in part by the acts, omissions, negligence, or fault of the officers and directors of ISSB, RSB, and Coronado, and/or by others, including the FDIC and the FSLIC, and not by any wrongdoing by the Nina Defendants.

The counterclaims of the Corporate Renda Defendants, the Daily Defendants, and the Nina Defendants, are identical:

1. The FDIC, acting as receiver for ISSB, was grossly negligent in failing to pursue claims against ISSB's president, William Lemaster, and other officers and directors of ISSB.

2. Because of the above negligence, any liability found on the part of the defendants should be reduced by an amount not less than that sought by the FDIC in actions it brought against Lemaster and other officers and directors, which were later determined untimely.

3. The FDIC negligently failed to intervene and operate ISSB in accordance with the terms included in its own cease and desist order, and this failure was the proximate cause of ISSB's failure; thus, the plaintiffs' damages, if any, should be reduced because of the FDIC's negligence.

4. The FDIC negligently failed to mitigate damages resulting from RSB's failure, and the plaintiffs' damages, if any, should be reduced by the FDIC's negligence.

5. The FSLIC negligently failed to mitigate damages resulting from Coronado's failure, and the plaintiffs' damages, if any, should be reduced by the FSLIC's negligence.

6. The FSLIC negligently failed to intervene and properly operate Coronado in spite of knowledge of unsound practices, and the plaintiffs' damages, if any, should be reduced by the FSLIC's negligence.

■ Federal Rule of Civil Procedure 8(c) describes affirmative defenses:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award,

assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

Fed.R.Civ.P. 8(c). Matters which are in issue from the complaint's inception need not be pleaded as affirmative defenses, *see Rochholz v. Farrar*, 547 F.2d 63, 65 n. 3 (8th Cir.1976), as such matters will not take the plaintiff by surprise if later raised by the defendant. *See* 5 Wright, Miller & Kane, *Federal Practice and Procedure* § 1271 (1969).

Pleading of counterclaims is described in Federal Rule of Civil Procedure 13:

> (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.
>
> (b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Fed.R.Civ.P. 13.

■ In determining whether counterclaims should be dismissed, the court applies the same standards that are applied when considering a motion to dismiss a complaint for failure to state a claim on which relief may be granted. *See Id.* 12(b)(6). The court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, all well pleaded facts, as distinguished from conclusory allegations, must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Our inquiry in reviewing the sufficiency of the defendants' counterclaims is not whether the defendants will ultimately prevail, but whether they are entitled to offer evidence to support their counterclaims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

With these standards in mind, the court examines the defendants' affirmative defenses and counterclaims.

## I. The Proximate Cause Affirmative Defenses.

■ Affirmative defenses 8 and 10 through 15 of the pleadings of the Corporate Renda Defendants and the Daily Defendants, and affirmative defenses 9 through 12 of the Nina Defendants allege that no action or inaction by the defendants caused the plaintiffs' damages. These assertions are not avoidances or affirmative defenses; rather, they are assertions that the plaintiffs cannot establish a prima facie case. As such, they are already in issue because of the complaint. *See Rochholz*, 547 F.2d 63, 65 n. 3. Thus, for purposes of simplicity, the court will strike these affirmative defenses.

## II. The Negligence Affirmative Defenses and Counterclaims.

A number of the defendants' affirmative defenses and counterclaims allege negli-

gence on the part of the FDIC and the FSLIC, both in their corporate capacity as regulators and their capacity as receivers for the failed institutions.[2] Assertions of negligence against the FDIC in its corporate capacity are made in affirmative defense 9 of the Corporate Renda Defendants and Daily Defendants, and in the defendants' counterclaim 3. Assertions of negligence against the FDIC in its capacity as receiver are made in counterclaims 1, 2, and 4. General assertions of negligence, not particularized to the acts of the FDIC as regulator or receiver, are made in the Nina Defendants' affirmative defenses 8 and 24. Assertions of negligence against the FSLIC in its corporate capacity are made in affirmative defense 9 of the Corporate Renda Defendants and Daily Defendants, and in counterclaim 6. An assertion of negligence against the FSLIC as receiver is made in counterclaim 5. General assertions of negligence, not particularized to the acts of the FSLIC as regulator or receiver, are made in the Nina Defendants' affirmative defenses 8 and 24.

█ The FDIC and FSLIC have two separate capacities in which they may act. In their corporate capacity, the entities act as regulators of financial institutions, and federal law governs. *See D'Oench, Duhme & Co. v. F.D.I.C.,* 315 U.S. 447, 456, 62 S.Ct. 676, 679, 86 L.Ed. 956 (1942) (focusing on the FDIC); *F.D.I.C. v. Bank of America National Trust & Savings Ass'n,* 701 F.2d 831, 834 (9th Cir.1983) (focusing on the FDIC), *cert. denied,* 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1984); *F.S.L.I.C. v. Alexander,* 590 F.Supp. 834 (D.Haw.1984) (focusing on the FSLIC). The FDIC and FSLIC may also act as receivers for failed financial institutions. When acting in this capacity, state law governs, *see Bank of America,* 701 F.2d at 834, and various defenses available to the entities in their cor-

porate capacity are not available to the entities in their capacity as receivers. *See F.D.I.C. v. Berr,* 643 F.Supp. 357, 361 n. 3 (D.Kan.1986) (focusing on the FDIC).

### A. The FDIC and the FSLIC in Their Corporate Capacity.

The counterclaims and affirmative defenses which address the acts of the FDIC and the FSLIC in their corporate capacity must be dismissed and stricken for two reasons: First, the United States has not waived its sovereign immunity with respect to these claims and defenses, and second, no duty to the defendants arises from the regulatory activities of the FDIC and the FSLIC.

The United States, as sovereign, is immune from suit except where it has consented to be sued, *United States v. Mitchell,* 463 U.S. 206, 209, 103 S.Ct. 2961, 2963, 77 L.Ed.2d 580 (1983), and it may define the terms and conditions under which it may be sued. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed. 2d 259 (1979). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, waives the United States' sovereign immunity with respect to civil actions involving tort claims. *See id.* §§ 1346(b), 2674. However, the waiver is subject to certain exceptions, including an exception for any claim based on an act or a failure to act relating to a discretionary function of a government agency or employee. *Id.* § 2680(a).

█ The discretionary function exception insulates the United States from liability for errors made in administrative and regulatory undertakings. *See F.S.L.I.C. v. Williams,* 599 F.Supp. 1184, 1197–98 (D.Md.1984) (citing *Dalehite v. United States,* 346 U.S. 15, 35–36, 73 S.Ct. 956, 967–968, 97 L.Ed.2d 1427 (1953)). Thus, to

---

**2.** All of the parties to this action discuss both the FDIC and the FSLIC in their briefs before the court when addressing the defendants' negligence assertions. However, the plaintiffs' second amended complaint states that the FSLIC appears only in its corporate capacity, not in its capacity as a receiver, but the defendants' counterclaims and affirmative defenses appear to assert negligence against the FSLIC in its capac-

ity as receiver for Coronado. The court finds nothing in the documents on file to indicate that the FSLIC was appointed the receiver for Coronado. Nevertheless, because the parties have ignored the issue, and because it does not affect our ruling on this motion, the court in this memorandum and order will assume that the FSLIC was appointed the receiver for Coronado.

the extent that the defendants' counterclaims and affirmative defenses address regulatory negligence by the FDIC and FSLIC, they must be dismissed and stricken because the United States has not waived its sovereign immunity. *See Williams*, 599 F.Supp. 1197–98.

The defendants argue that their counterclaims and defenses address recoupment and thus should not be barred by sovereign immunity. Recoupment is a defense arising out of some feature of the transaction on which the plaintiffs' claim is grounded; its purpose is "to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects...." *Rothensies v. Electric Battery Co.*, 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946). A federal agency bringing suit is subject to claims of recoupment. *F.D.I.C. v. Lattimore Land Corp.*, 656 F.2d 139, 143 (5th Cir.1981). However, an agency waives its immunity only as to the claims of the defendant which are of the same nature and form as the claims of the agency. *See United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1490 (10th Cir.1984). In the instant action, the claims of the FDIC and the FSLIC arise out of the allegedly fraudulent loan transaction involving the defendants. The counterclaims and affirmative defenses alleging regulatory negligence do not relate to this transaction; they address the effectiveness of the agencies' monitoring activities. Thus, the FDIC and the FSLIC have not waived their sovereign immunity with respect to these counterclaims and affirmative defenses. *See In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723, 737 (E.D.N.Y.1978).

Even if the FDIC and the FSLIC had waived their sovereign immunity, the counterclaims and affirmative defenses dealing with regulatory negligence must be dismissed and stricken. The issue of negligence liability stemming from regulation of banks has not been addressed by this court or by the Tenth Circuit. However, other federal courts considering the issue have held that regulatory activities of a government agency do not give rise to a duty to discover and report possible fraud or wrongdoing to a bank or its officers, directors, shareholders, creditors, or depositors. *See, e.g., State of North Dakota v. Merchants National Bank & Trust Co.*, 634 F.2d 368, 379 n. 20 (8th Cir.1980) (in regulating banks pursuant to the National Bank Act, the Comptroller of the Currency has no duty to a bank or its shareholders); *First State Bank of Hudson County v. United States*, 599 F.2d 558, 563, 565 (3d Cir.1979) (the FDIC has no duty to warn a bank's officers and directors about a wrongdoing committed by a bank officer and discovered by the FDIC), *cert. denied*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980); *Harmsen v. Smith*, 586 F.2d 156, 157 (9th Cir.1978) (the Comptroller of the Currency has no duty arising from bank regulation which extends to the shareholders or directors of a bank); *F.D.I.C. v. Butcher*, 660 F.Supp. 1274, 1282 (E.D.Tenn. 1987) (the FDIC has no duty to discover or report fraud or weakness to a bank; such duty rests squarely on the officers and directors of the bank); *F.D.I.C. v. Dempster*, 637 F.Supp. 362, 367 (E.D.Tenn.1986) (the FDIC has no duty arising from regulation which extends to the officers and directors of a bank; bank examinations, although incidentally benefiting the bank, are intended primarily for the protection of the insurance fund); *F.D.I.C. v. Jennings*, 615 F.Supp. 465, 470 (W.D.Okla.1985) (the FDIC has no duty arising from regulation which runs to a bank's privately retained auditors); *F.S.L.I.C. v. Alexander*, 590 F.Supp. 834, 838 (D.Haw.1984) (the FSLIC has no duty arising from regulation which extends to directors of a savings and loan); *In re Franklin*, 445 F.Supp. at 731 (examination of a financial institution is primarily for the benefit of the government in its regulation of the institution; the examination gives rise to no duty extending to the bank or its officers, directors, or shareholders). The duty to discover fraud rests squarely on the shoulders of an institution's officers and directors. The defendants' counterclaims and affirmative defenses dealing with regulatory negligence wrongly attempt to place this duty on the

FDIC and the FSLIC. Thus, they must be dismissed and stricken.

■ Further, even if a duty extended to an institution or its officers, directors, creditors, depositors, or shareholders, the defendants would have no viable claims against the FDIC and the FSLIC as regulators. The defendants are the alleged defrauders of the failed institutions; to allow them to counterclaim and defend against the FDIC and the FSLIC by alleging that the agencies failed to discover and report the defendants' fraud to the institutions would be absurd. In short, even if the court were of the mind to find a duty arising from regulation, which it is not, the duty would extend only to the bank and its officers, directors, creditors, depositors, and shareholders, not to alleged defrauders of the bank.

■ Finally, counterclaim 3 merits further discussion. In it, the defendants allege that the FDIC assumed operative control of ISSB prior to ISSB's failure and the appointment of the FDIC as receiver. The FDIC is not immune from its corporate acts that extend beyond mere regulation. *See Franklin*, 445 F.Supp. at 733–34. In *Franklin*, the court held that where the government goes beyond its normal regulatory functions and substitutes its decisions for those of the bank's officers and directors, and the officers and directors reasonably rely on the government's actions, the government may assume a duty extending to the bank's officers and directors to prevent fraud. *Id.* The defendants argue that counterclaim 3 alleges *Franklin*-type actions by the government, and thus should not be dismissed. However, *Franklin* held only that the government may assume a duty to the officers and directors. As discussed above, the court is unwilling to extend a duty to the alleged defrauders, whether it be with respect to the FDIC's usual regulatory acts or *Franklin*-type acts. Thus, counterclaim 3 must be dismissed.

B. *The FDIC and the FSLIC in Their Capacity as Receivers.*

The defendants allege that the FDIC and the FSLIC were negligent in their capacity as receivers for ISSB, RSB, and Coronado. Because the alleged negligence pertains to the assertedly fraudulent transactions, the defendants' allegations are for recoupment, and the agencies cannot claim sovereign immunity. *See 2,116 Boxes of Boned Beef,* 726 F.2d at 1490; *Lattimore Land,* 656 F.2d at 143.

■ Counterclaims 1, 2, 4, and 5 allege that the FDIC and the FSLIC were negligent in failing to bring an action against various ISSB officers and directors and in failing to mitigate damages resulting from the failure of RSB and Coronado. Generally, an action may lie against the FDIC and the FSLIC for their acts as receivers. However, in the instant case, the defendants' claims fail because the agencies have no duty which extends to alleged defrauders. Rather, the FDIC and the FSLIC as receivers act for the benefit of the failed institutions and their creditors, depositors, and shareholders. *See Landy v. F.D.I.C.,* 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974).

■ Further, even if the FDIC and the FSLIC had a duty which extended to the defendants, the defendants would lack standing to sue the agencies on their own behalf. A wrong committed by the agencies would injure all creditors, depositors, and shareholders alike. Thus, individual creditors, depositors, or shareholders could only bring a derivative action on behalf of all creditors, depositors, and shareholders. *See In re Longhorn Securities Litigation,* 573 F.Supp. 255, 272 (W.D.Okla.1983). The defendants should not be allowed to reap all of the benefits, in the form of a reduction of their liability, in an action which should benefit all creditors, depositors, and shareholders proportionately. Thus, to the extent that counterclaims 1, 2, 4, and 5 allege negligence on the part of the receivers, the counterclaims must be dismissed.

■ The Nina Defendants' affirmative defenses 8 and 24, which generally assert negligence, must be dismissed because the defendants can make no viable claim against the FDIC or the FSLIC in their

corporate capacity or their capacity as receivers. However, to the extent that affirmative defense 24 alleges negligence or fault attributable to others, it should not be dismissed. Although causes of action for negligence or wrongdoing by officers, directors, or employees of a failed institution belong to the receiver of the institution and may not be brought by creditors, depositors, or shareholders, *see Longhorn*, 573 F.Supp. 255; *F.D.I.C. v. American Bank Trust Shares, Inc.*, 412 F.Supp. 302 (D.S.C. 1976), *vacated on other grounds*, 558 F.2d 711 (4th Cir.1977), the Nina Defendants should not be precluded from presenting evidence that other parties contributed to the plaintiffs' damages in an attempt to reduce their own liability.

In summary, counterclaims 1 through 6 must be dismissed for failure to state a claim. Further, the Corporate Renda Defendants' and Daily Defendants' affirmative defense 9, and the Nina Defendants' affirmative defenses 8 and 24 must be stricken, except to the extent that affirmative defense 24 addresses the negligence or wrongdoing of others.

IT IS THEREFORE ORDERED that the affirmative defenses numbered 8 through 15 of the Corporate Renda Defendants are stricken.

IT IS FURTHER ORDERED that the affirmative defenses numbered 8 through 15 of the Daily Defendants are stricken.

IT IS FURTHER ORDERED that the affirmative defenses numbered 8 through 12 of the Nina Defendants are stricken. The Nina Defendants' affirmative defense 24 is stricken to the extent it alleges negligence or fault attributable to the plaintiffs, but is not stricken to the extent it alleges negligence or fault attributable to others.

IT IS FURTHER ORDERED that the counterclaims numbered 1 through 6 of the Corporate Renda Defendants, Daily Defendants, and Nina Defendants are dismissed for failure to state claims on which relief may be granted.