Mark A. BRADFORD, et al., Plaintiffs,

v.

AMERICAN FEDERAL BANK,
F.S.B., et al., Defendants.

No. CA 3–91–0735–R.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 5, 1991.

Alan Ray Hunn, Scoggins O'Connor & Blanscet, Jay R. Kline, Jr., Beverly Ann Whitley, Blake L. Beckham, Holmes Millard & Duncan, Dallas, Tex., for plaintiffs and counter-defendants.

Karen Colleen Roberts Washington, David J. White, Godwin Carlton & Maxwell, Jackson Dale Wilson, II, Patricia B. Lehtola, Page & Addison, P.C., Foster Reese, III, Marion "Marc" Matthew Peach, Chapman & Reese, Dallas, Tex., for defendants and counter-claimant.

Louis J. Weber, Melton Weber Whaley Letteer & Mock, Dallas, Tex., pro se.

## MEMORANDUM OPINION AND ORDER

BUCHMEYER, District Judge.

In this action, Plaintiffs allege that the FDIC and the Resolution Trust Corporation, both in their capacities as successor in interest to the Federal Savings and Loan Insurance Corporation as receiver for Majestic Savings Association, charged a usurious amount of interest on loans Plaintiffs received from the now-insolvent Majestic

Savings Association (Majestic). Now before the Court is Defendant FDIC's motion for summary judgment or in the alternative motion to dismiss under rule 12(b). For the reasons that follow, the Court will DENY Defendant FDIC's motion.

## ANALYSIS

### I. Standard for deciding motion for summary judgment

Summary judgment is appropriate only when no issues of material fact exist and the movant is entitled to judgment as a matter of law.[1] A court must draw all reasonable inferences of fact in favor of the party opposing the motion.[2] Indeed, so long as some evidence supports the disputed allegations, the court must deny the motion.[3] A moving party discharges her burden by demonstrating that if the case went to trial, no competent evidence would support a judgment for the nonmoving party.[4] The nonmoving party cannot rely on conclusory statements or unsubstantiated allegations to oppose a summary judgment motion.[5] Moreover, the nonmoving party cannot rely on the mere hope that further discovery may disclose genuine issues of fact.[6]

### II. Standard for deciding motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) places strict limitations upon a court's review of the merits of the plaintiff's claims. A court only may grant the motion if it finds beyond a doubt that the plaintiff would not be entitled to recover under any state of facts which the plaintiff could prove in support of his claim.[7] Applying this standard, this Court must assume that the facts Plaintiff has alleged are true.[8]

### III. Defendants' D'Oench, Duhme defense

Plaintiffs are suing Defendants for usury pursuant to Texas Revised Civil Statute section 5069–1.01 et seq. based upon Majestic's requirement that Plaintiffs pay in excess of $1,600,000.00 to reduce a third party's debt to Majestic as a precondition for loan to Plaintiffs. The Texas Supreme Court has found such requirements usurious under Texas law.[9] Defendant FDIC contends, however, that Defendants are not liable for usury under the doctrine the United States Supreme Court announced in D'Oench, Duhme & Co. v. FDIC.[10]

The D'Oench, Duhme doctrine is a rule of estoppel preventing those who give notes to federally-insured institutions from raising defenses or claims based on alleged oral side agreements.[11] The test for the application of the D'Oench, Duhme doctrine is whether the borrower "lent himself

1. Fed.R.Civ.P. 56(c); Walker v. Sears Roebuck, 853 F.2d 355, 358–59 (5th Cir.1988).

2. Walker, 853 F.2d at 358; Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).

3. Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir.1981) (en banc).

4. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Martin v. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir.1987).

5. First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

6. McAdams v. Regents of Univ. of Minnesota, 508 F.Supp. 354, 357 (D.Minn.1981).

7. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); Quinonez v.

National Ass'n of Sec. Dealers, Inc., 540 F.2d 824, 826–27 (5th Cir.1976).

8. Keys v. Wolfe, 709 F.2d 413, 417 (5th Cir.1983).

9. See Alamo Lumber Co. v. Gold, 661 S.W.2d 926, 928 (Tex.1983) (holding that lender who requires as condition to making loan, that borrower assume third party's debt must include amount of third party's debt in interest computation).

10. 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

11. D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 458–60, 62 S.Ct. 676, 679–80, 86 L.Ed. 956 (1942); see Beighley v. FDIC, 868 F.2d 776, 784 (5th Cir.1989) (stating that courts have extended D'Oench, Duhme doctrine to apply to oral side agreements made even when borrower does not intend to deceive banking authorities).

to a scheme or arrangement whereby banking authorities are likely to be misled."[12] Importantly, though, courts have not read *D'Oench, Duhme* to mean that borrowers cannot raise any defenses at all to the FDIC's attempts to collect on promissory notes.[13]

■ The promissory notes in this case facially do not indicate that Plaintiffs were to pay down an unrelated third party's debt. However, duly authorized agents of Majestic placed in Majestic's permanent files documents evidencing Plaintiffs' promise. Furthermore, based on information contained in a letter Jack Pilon, Majestic's President/Chief Executive Officer, and J. Hutchins Haese, Majestic's Executive Vice President, wrote to L. Dennis Strobel of the Federal Home Loan Bank of Dallas on July 14, 1988, Majestic's loan committee approved the subject transactions. The minutes of the loan committee's meeting during which the committee approved the loans and pay down of the third party's debt allegedly reflect the approval.

While Plaintiffs cannot charge the FDIC with knowledge of a defense merely because that information could be found in the failed bank's files, if the borrowers can prove that the FDIC had knowledge of the "side agreement," *D'Oench, Duhme* does not apply.[14] Genuine issues of material fact remain as to whether Defendants had actual knowledge of Majestic's agreement with Plaintiffs that Plaintiffs would pay off a third party's debt as a precondition to receiving a loan from Majestic.[15] Accordingly, neither summary judgment nor dismissal is appropriate on this issue.

**IV.** *Defendants' federal holder in due course defense*

■ Defendant next seeks to avoid liability for usury on the basis of the federal holder in due course doctrine. Under the federal holder in due course doctrine, the "FDIC, as a matter of federal common law, enjoys the status of a holder in due course when it acquires a negotiable instrument."[16] Successors to the FDIC also enjoy holder in due course status if the FDIC was a federal holder in due course.[17]

■ To be "negotiable," an instrument must be in writing, signed by the maker, contain an unconditional promise to pay a sum certain in money, on demand or at a definite time, to order or to bearer.[18] The promissory notes in this case all have variable interest rates, rendering them non-negotiable under Texas Business & Commerce Code Annotated section 3.104(a).[19] As the instruments are non-negotiable, the FDIC does not fit into the definition of a federal holder in due course; indeed, the United States Court of Appeals for the Fifth Circuit recently has refused to extend federal holder in due course status to the FDIC when it holds a non-negotiable instrument.[20] Accordingly, Defendants are not holders in due course, and neither summary judgment nor dismissal is appropriate based on this issue.

**V.** *Plaintiffs' state law claims against Defendants*

■ The FDIC finally claims that it is immune to state law claims for usury, puni-

---

12. *Beighley,* 868 F.2d at 784 (quoting *D'Oench, Duhme,* 315 U.S. at 460, 62 S.Ct. at 680, and *FDIC v. McClanahan,* 795 F.2d 512, 517 (5th Cir.1986)).

13. *FDIC v. McClanahan,* 795 F.2d 512, 515 (5th Cir.1986).

14. *FDIC v. Wood,* 758 F.2d 156, 162 (6th Cir. 1985).

15. The parties do not dispute that Majestic conditioned its loan to Plaintiffs on their agreement to pay off a third party's debt, nor do the parties dispute that the Texas Supreme Court, in *Alamo Lumber Co.,* 661 S.W.2d at 928, has found such an agreement to be usurious.

16. *RTC v. Oaks Apartments Joint Venture,* 753 F.Supp. 1332, 1337 (N.D.Tex.1990).

17. *Id.*

18. *Id.* at 1337 n. 2 (citing Tex.Bus. & Comm. Code § 3.104(a) (Vernon 1968); *Hinckley v. Eggers,* 587 S.W.2d 448, 450 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.)).

19. *Lexington Ins. Co. v. Gray,* 775 S.W.2d 679, 682 (Tex.App.—Austin 1989, writ denied).

20. *Sunbelt Savings, FSB Dallas v. Montross,* 923 F.2d 353, 355–57 (5th Cir.1991).

**286**

tive damages, and attorneys' fees. When a court is adjudging the FDIC in its corporate capacity, the court must apply federal law.[21] However, Plaintiffs have brought this action against the FDIC in its capacity as receiver of Majestic. When acting in receivership capacity, state law governs, and defenses that the FDIC could use in their corporate capacity are unavailable to them.[22]

State law therefore determines the liability of the FDIC as receiver.[23] Texas law permits claims against a bank for usury, punitive damages, and attorneys' fees; thus, Plaintiffs also may bring claims for usury, punitive damages, and attorneys' fees against the FDIC, which "stands in the shoes" of the failed bank.[24] Neither summary judgment nor dismissal is appropriate based on this issue.

### CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion for summary judgment.

See also 137 F.R.D. 646.

---

**21.** *FDIC v. Renda,* 692 F.Supp. 128, 134 (D.Kan. 1988).

**22.** *Id.*

**23.** *FDIC v. Bank of Amer. Nat'l Trust & Savings Ass'n,* 701 F.2d 831, 834 (9th Cir.1983); *Renda,* 692 F.Supp. at 134.

**24.** *Jacobson v. FDIC,* 407 F.Supp. 821, 824 (S.D.Iowa 1976).