**AMERICAN SAVINGS BANK OF SPRINGFIELD, ILLINOIS, Plaintiff,**

**v.**

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Empire Savings and Loan Association of Mesquite, Texas, Thomas R. Procopio, as receiver for Empire Savings and Loan Association of Mesquite, Texas, William Ball, individually, and the United States of America, Defendants.**

No. CA–3–87–0404–T.

United States District Court,
N.D. Texas,
Dallas Division.

July 26, 1988.

---

Maria G. Arias–Chapleau, Stewart W. Karge, Stephen C. Sandels, McDermott Will & Emery, Chicago, Ill., Michael Byrd, Mary L. O'Connor, Akin Gump Strauss Hauer & Feld, Dallas, Tex., for plaintiff.

Charles R. Gregg, Hutcheson & Grundy, Houston, Tex., for defendants (Michael D. Robbins, E. John Gorman, Hutcheson & Grundy, Houston, Tex., of counsel).

John Bolton, Marvin Collins, Mary Ann Moore, Asst. U.S. Attys., Dallas, Tex., Jeffrey Axelrad, Director Torts Branch, Dina L. Biblin, Trial Atty., Torts Branch Civil Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

## ORDER

MALONEY, District Judge.

On April 27, 1988, Defendant United States of America filed its Motion to Dismiss Plaintiff's Second Amended Complaint, seeking to dismiss itself and the Federal Savings and Loan Insurance Corporation (FSLIC) acting in its corporate capacity.

Defendant's motion, Plaintiff's response, and Defendant's reply reveal confusion regarding the capacity in which Plaintiff has sued the FSLIC and for which capacity of the FSLIC Plaintiff asserts Defendant United States of America is liable.

Plaintiff's original and first amended complaints named the FSLIC "Individually and as Receiver for Empire Savings and Loan Association of Mesquite." After the FSLIC filed its motion to dismiss, in which the FSLIC asserted that Plaintiff's complaint failed to state a claim against the FSLIC under the Federal Tort Claims Act, Plaintiff filed its Second Amended Complaint.

Plaintiff's second amended complaint names the FSLIC "as Receiver for Empire Savings and Loan Association of Mesquite" and makes no mention of the FSLIC in its individual, or corporate capacity. Plaintiff's second amended complaint also names the United States as a Defendant and alleges that the United States is liable under the Federal Tort Claims Act (FTCA) for the acts of the FSLIC. The acts of the FSLIC referred to are those stated in paragraphs 67 to 73 of Plaintiff's second amended complaint. In paragraph 68, Plaintiff refers to the FSLIC in its capacity as "receiver." At no time in paragraphs 67 to 73 does Plaintiff refer to the FSLIC in its corporate capacity.

In its motion to dismiss, Defendant United States of America asserts that Plaintiff has not stated a claim against the United States under the FTCA because Plaintiff has not alleged any actions of the FSLIC in its corporate capacity. Plaintiff's various responses to Defendant's motion to dismiss all focus on the actions of the FSLIC as receiver. Defendant replied that the United States raised its defenses in anticipation of any claims Plaintiff may have against the FSLIC in its corporate capacity.

It appears that Plaintiff is seeking to hold the United States liable under the Federal Tort Claims Act for the actions of the FSLIC as receiver; however, because Plaintiff's original and first amended complaints named the FSLIC in its corporate capacity, there is understandably some confusion regarding the capacity of the FSLIC in which Plaintiff seeks to hold the United

States liable.[1] Therefore, this Court will examine Defendant's motion to dismiss with regard to both of the following possibilities: 1) Plaintiff seeks to hold the United States liable for the actions of the FSLIC in its corporate capacity; and 2) Plaintiff seeks to hold the United States liable for the actions of the FSLIC in its capacity as receiver.

■ Defendant states that Plaintiff cannot hold it liable under the FTCA for the actions of the FSLIC in its corporate capacity because Plaintiff's complaint does not state any instances of wrongdoing by the FSLIC in its corporate capacity. This Court agrees. Plaintiff's second amended complaint does not allege any wrongdoing by the FSLIC in its corporate capacity. In fact, Plaintiff's second amended complaint makes no mention at all of the FSLIC in its corporate, or individual, capacity. Therefore, if Plaintiff desires to hold the United States liable under the FTCA for the actions of the FSLIC in its corporate capacity, Plaintiff's complaint against the United States must be dismissed because Plaintiff has failed to state a claim.

■ However, to the extent that Plaintiff seeks to hold the United States liable for the actions of the FSLIC as receiver, Defendant's motion must fail. Plaintiff's second amended complaint is supported by specific allegations of misconduct by the FSLIC in its receivership capacity. *See* Paragraphs 67 to 73 of Plaintiff's Second Amended Complaint. For the same reason, the Court does not find Plaintiff's second amended complaint defective under Rule 8, Federal Rules of Civil Procedure.

Further, Plaintiff's second amended complaint alleges that the United States is liable for the FSLIC's actions pursuant to 28 U.S.C. § 1346(b). That section grants this Court exclusive jurisdiction over claims against the United States for damages caused by tortious conduct under circumstances where a private person would be liable to the claimant. The FTCA creates just such liability in the United States. Therefore, although Plaintiff did not explicitly allege that this Court has jurisdiction over Plaintiff's FTCA claim against the United States, Plaintiff's second amended complaint contains sufficient jurisdictional allegations to support the FTCA action.

■ Finally, Plaintiff's claims are not barred by the discretionary function exception to the FTCA. In support of this argument, Defendant does not cite any cases stating that any actions taken by the FSLIC in its receivership capacity would be discretionary in nature and thus not subject to the FTCA. On the other hand, Plaintiff cites *First Savings and Loan Insurance Corporation v. Alexander*, 590 F.Supp. 834 (D.Haw.1984), in which the court recognized that the actions of the FSLIC in its capacity as receiver are not discretionary functions, but rather are operational functions. Operational functions are reachable under the FTCA, while discretionary functions are not. *Aretz v. United States*, 604 F.2d 417 (5th Cir.1979).

Therefore, this Court is of the opinion that to the extent that Plaintiff's second amended complaint seeks to hold the United States liable for the actions of the FSLIC in its corporate capacity, it should be dismissed. However, to the extent that Plaintiff's complaint seeks to hold the United States liable for the actions of the FSLIC in its capacity as receiver for Empire Savings and Loan Association, this Court is of the opinion that it should not be dismissed.

It is therefore ORDERED that the motion to dismiss of Defendant United States of America is granted in part and denied in part: it is granted to the extent that Plaintiff's complaint as it stands seeks to hold the United States liable for the actions of the FSLIC in its corporate capacity and it is denied to the extent that Plaintiff's complaint as it stands seeks to hold the United States liable for the actions of the FSLIC in

---

1. It should be noted that even after Plaintiff filed its second amended complaint and removed the word "Individually" from the style of this action, both parties have continued to use the word "Individually" to refer to the FSLIC in the style of this action on their motions and responses.