FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,

v.

Rex NIVER, Defendant.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,

v.

Jerry ESTES and Larry Strange, Defendants.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,

v.

Cale HUDSON and Larry Hudson, Defendants.

Civ. A. Nos. 85–2642–S, 86–2160–S and 86–2236–S.

United States District Court, D. Kansas.

Jan. 27, 1987.

James R. Goheen, Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiff.

Ronald P. Wood, Gates & Clyde, Chartered, Overland Park, Kan., Shelby P. Horn, Combs, Pringle & Horn, Chanute, Kan., for Niver.

Daryl D. Ahlquist, Hines & Ahlquist, Erie, Kan., for Larry Strange.

Joe B. Whisler, Kansas City, Mo., John C. Rubow, Chanute, Kan., for Larry Hudson.

Cale Hudson, pro se.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the plaintiff Federal Deposit Insurance Corpo-

ration's motion to disqualify Edward W. Dosh, counsel of record for defendant Cale Hudson. Plaintiff Federal Deposit Insurance Corporation [hereinafter FDIC] also has filed a motion to strike affirmative defenses of contributory negligence, comparative negligence, fraud and estoppel, pleaded in the answers of defendants Cale Hudson and Larry Hudson.

The FDIC seeks to disqualify Edward Dosh because of Mr. Dosh's prior representation of the First State Bank of Thayer, Kansas, and in the likelihood that Mr. Dosh's work on behalf of the First State Bank prior to its closing will make Mr. Dosh a material fact witness in this case. Edward Dosh opposes said motion stating that the only involvement Mr. Dosh had with the bank was in his capacity as a collection agent on loans. Mr. Dosh further states that he had no knowledge of the circumstances surrounding the loans, was not retained by the bank as counsel for such purpose, and had no opportunity to obtain confidences and secrets in that regard. Mr. Dosh further argues that the plaintiff is not a successor of the bank and instead just a mere purchaser of certain bank assets, thus ultimately claiming that the FDIC never had an attorney/client relationship with Mr. Dosh and cannot claim that Mr. Dosh should be disqualified.

The court will first address Cale Hudson's contention that the FDIC lacks standing to challenge defense counsel's qualifications. "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Beck v. Board of Regents of the State of Kansas,* 568 F.Supp. 1107, 1110 (D.Kan.1983). As recognized in *Beck,* however, an exception to this rule does exist "where the interests of the public are so greatly implicated that third-parties, such as the defendants in this motion, are found to be entitled to raise any apparent conflicts of interest which may tend to undermine the validity of the proceedings." *Id.* The court finds that based on the decision in *Beck* it is unnecessary for the court to determine whether the FDIC does stand in the shoes of the First State Bank of Thayer, Kansas and has

standing to raise such a claim. The court finds that rather than deny plaintiff's motion on these grounds, the court will determine the merits of the FDIC's claim.

The decision to disqualify an attorney chosen by a party to represent him in a lawsuit is of serious concern and the court's inherent power to do so should only be exercised where the integrity of the adversary process is threatened. Even then, the court should not act unless "the offending attorney's conduct threatens to 'taint the underlying trial' with a serious ethical violation." *Field v. Freedman,* 527 F.Supp. 935, 940 (D.Kan.1981). The court notes that disqualification is not mandated in every case where a lawyer represents an adversary of a former client. The key inquiry which must be made is whether there exists a "substantial relationship" between the former representation and the subsequent representation. *See Beck v. Board of Regents of the State of Kansas,* 568 F.Supp. 1107, 1111 (D.Kan.1983).

■ The *Beck* case held that if there was reasonable probability that a client's confidences were disclosed in a prior representation which could be used against that client in later adverse representation that would be grounds for the court to presume the substantial relationship between the two cases. The court finds that the allegations of the FDIC, even if true, does not demonstrate that a substantial relationship existed between the two representations.

■ The next basis upon which the FDIC claims that Edward Dosh should be withdrawn is the possibility that he may be called as a witness on behalf of the FDIC. Disciplinary Rule 5–102(A) provides that:

If, after undertaking employment in the contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial ... except that he may continue the representation and he ... may testify in the circumstances enumerated in other disciplinary rules.

Disciplinary Rule 5–102(B) further provides that:

> If, after undertaking employment in ... pending litigation, a lawyer learns or it is obvious that he ... may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

After reviewing the record, the court finds that it is not convinced that Edward Dosh will be called as a material witness in this case. The court finds that the FDIC's motion to withdraw should be denied at this time. The court does stress the fact that if at a later time it is determined that Dosh will be a material witness, then he will be disqualified as Cale Hudson's attorney. In conclusion, the court finds that the FDIC's motion to disqualify Edward Dosh should be denied.

Plaintiff FDIC also has filed a motion to strike the affirmative defenses of contributory negligence, comparative negligence, fraud, and estoppel pleaded in the interest of defendants Cale Hudson and Larry Hudson. Plaintiff FDIC has filed this motion to strike the affirmative defenses stating that these defenses are insufficient as a matter of law. Rule 12(f) of the Federal Rules of Civil Procedure provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him ... the court may order stricken from any pleading any insufficient defense....

The court notes that motions to strike under Rule 12(f) of the Federal Rules of Civil Procedure are generally not favored. *Wellman v. Dickinson*, 79 F.R.D. 341 (S.D. N.Y.1978). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. 5 Wright and Miller, *Federal Practice and Procedure* § 1382 (1969). While a motion to strike is generally not favored, the court finds that it is warranted in this case.

■ The court has reviewed the exhaustive list of cases cited by both parties and it is convinced that no cause of action for negligence, estoppel and fraud can be brought against the FDIC. The decision in *First State Bank of Hudson County v. United States*, 599 F.2d 558, 561–65 (3d Cir.1979), makes clear that the FDIC could not be held under a negligence theory as the FDIC owes no duty, either express or implied, to the bank or its shareholders. *Id.* at 562. The court extensively examined this issue and concluded that the duty to discover fraud in their institutions is upon bank directors and they may not transfer it to the FDIC by the purchasing of insurance protection from it. The decision in *First State Bank of Hudson County* also supports this court's finding that even if the FDIC received warnings by Larry Hudson as to his brother Cale's management of the First State Bank of Thayer, Kansas, no duty would be imposed on the government. The decision in *First State Bank of Hudson County* further stated that even if the FDIC did foresee or should have foreseen the criminal conduct that "ultimately wrought havoc" on the bank, said claims are barred by the Federal Tort Claims Act.

In *Federal Deposit Insurance Corp. v. Blackburn*, the court found that the FDIC owed no duty to the bank which it examines. 109 F.R.D. 66, 72 (E.D.Tenn.1985). In *Blackburn* the court stated that nothing in 12 U.S.C. § 1820(b) purports to establish any duty requiring that the FDIC warn banks of irregularities perpetrated by their officials. *Id.* at 72. The court reiterated the ruling in *First State Bank of Hudson County* in that the ultimate responsibility for the management of the business of the bank lies with its officers and directors and not with the FDIC. The court concluded that it is the "duty as bank examiner ... to protect the insurance fund, not manage the bank." *Id.* at 73. The court in *Blackburn* also found that the defendants' defense of failure to mitigate damages and an intervening cause defense were equally without merit. The court stated that "[n]one of these 'defenses' are viable, and allowing them to be added to defendants' Answer would only be an exercise in futility." *Id.*

at 74. The court again concluded that "[a]llowing these three extraneous 'defenses' to be added by the defendants will only serve to cloud the real issues in this action ... and will result in wasted time and money to the litigants." *Id.* at 75.

 The *Blackburn* decision also supports the FDIC's claim that they cannot be sued under the Federal Tort Claims Act. It is clear that the only proper named defendant in such a suit is the United States of America. *Id.* at 75 n. 2 (citing 28 U.S.C. § 2674; *Mullins v. First National Exchange Bank of Virginia*, 275 F.Supp. 712, 720 n. 3 (W.D.Va.1967)). Finding that there is no lack of duty issue owing from the FDIC as examiner to the defendants, the court in *Blackburn* dismissed the defenses and counterclaims.

The decision in *Federal Deposit Insurance Corp. v. Dempster*, 637 F.Supp. 362, 367 (E.D.Tenn.1986), definitively states " 'the failure of the FDIC to discover fraud or weakness, or even to disclose such adverse information if it is discovered does not establish a claim for relief against the United States' (or the FDIC)." The court, earlier in its decision, stated that the misconduct of officers and directors may not be transferred to the FDIC by purchasing insurance from it, nor by attaching to the FDIC negligence for actions performed at a time during which officers and directors had primary responsibility for the bank, applies to both affirmative defense assertions of contributory negligence, estoppel, and mitigation of damages, as well as counterclaims for negligence on the part of the FDIC. *Id.* at 367. The court finds it duplicative to cite further case law in support of the court's finding that plaintiff's motion to strike affirmative defenses of the defendants Cale and Larry Hudson should be granted. In conclusion, the court finds that while a motion to strike is to be rarely granted, this case mandates such action. The court finds that defendants clearly have stated insufficient legal defenses against this action.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff Federal Deposit Insurance Corporation's motion to disqualify Edward Dosh as counsel for Cale Hudson is hereby denied. IT IS FURTHER ORDERED that plaintiff Federal Deposit Insurance Corporation's motion to strike the affirmative defenses of defendants Cale and Larry Hudson on their theories of contributory negligence, comparative negligence, estoppel, and fraud against plaintiff FDIC is hereby granted.