**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Donald ASHLEY, et al., Defendants.**

**Civ. A. No. 87–2614–V.**

United States District Court,
D. Kansas.

Oct. 1, 1990.

See also, —— F.Supp. ——.

J. Emmett Logan, Marc E. Elkins, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan. (Alison M. Berman, F.D.I.C., Washington, D.C., of counsel), for plaintiff.

Ernest McRae, Jeffrey L. Willis, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is an action by the Federal Deposit Insurance Corporation ("FDIC"), in its corporate capacity as assignee of Farmer's State Bank of Selden, Kansas (the "Bank"), against the former directors and officers of the Bank in which the FDIC seeks recovery for the damages claimed to have been sustained by the Bank as a result of the defendants' alleged negligence, breach of fiduciary and statutory duties, and breach of contract related to the alleged mismanagement of certain loans. Defendants Edith Carman, Stephen C. Carman, and Fred McKee (the "Carman defendants") were officers of the Bank and have had a default judgment entered against them. The remaining defendants, Donald Ashley, Dale Brantley, Kenneth Rogers, Richard V. Stevenson, L.W. Wessel, and John Wessel (the "Ashley defendants") were outside directors of the Bank before it was placed into receivership.

■ This matter now comes before the court on plaintiff's motion to strike affirmative defenses pursuant to Fed.R.Civ.P. 12(f) (Doc. 106). Plaintiff maintains that the defendants' affirmative defenses of comparative negligence and failure to mitigate damages are insufficient as a matter of law and should be stricken. Under Rule 12(f) of the Federal Rules of Civil Procedure "the court may order stricken from any pleading any insufficient defense...." However, motions to strike under Rule 12(f) are generally not favored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Federal Deposit Ins. Corp. v. Niver*, 685 F.Supp. 766, 768 (D.Kan.1987) (citations omitted). The Ashley defendants have responded and oppose plaintiff's motion (Doc. 110). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

## I. COMPARATIVE LIABILITY

The Ashley defendants assert in their Answer that:

> [T]he negligence of other defendants [the Carman defendants] and of the [FDIC] in its capacity as receiver, and of the [FDIC] in its capacity of bank supervis[or] and of other entities not now a party, and of plaintiff, should be compared with these defendants [the Ashley defendants] pursuant to K.S.A. 60–258a.

In determining whether the defense of comparative negligence is available to the Ashley defendants, the court must first decide whether federal or state law applies to this case. Which law applies, in turn, depends on the capacity in which the FDIC is acting. The Ashley defendants assert the defense of comparative negligence against the FDIC both in its capacity as receiver and as bank supervisor or regulator.

■ When the FDIC acts in its corporate capacity, as a bank supervisor or examiner, it is acting as a "regulator[ ]" of financial institutions, and federal law governs. The FDIC and FSLIC may also act

as receivers for failed financial institutions. When acting in this capacity, state law governs, and various defenses available to the entities in their corporate capacity are not available to the entities in their capacity as receivers." *Federal Deposit Ins. Corp. v. Renda,* 692 F.Supp. 128, 134 (D.Kan.1988) (citations omitted).

In applying federal law to this case, since there is no federal comparative fault statute which "establishes a rule of decision in this case, the Court must turn to federal common law. When federal common law applies, federal courts are free to use the 'traditional common-law technique of decision and to draw upon all the sources of the common law....' One such source is, of course, state law." *Riverside Park Realty Co. v. Federal Deposit Ins. Corp.,* 465 F.Supp. 305, 309 (M.D.Tenn. 1978) (citing *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.,* 315 U.S. 447, 472, 62 S.Ct. 676, 686, 86 L.Ed. 956 (1942) (Jackson, J., concurring)). Since there is no showing that a national rule is necessary to effectuate federal interests, we will incorporate Kansas state law as the federal rule of decision in this case. *See U.S. v. Kimball Foods,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). Thus, Kansas state law determines the availability of comparative fault as an affirmative defense regardless of whether the FDIC is acting in its corporate regulatory capacity or in its receivership capacity.

Next, the court must decide whether the Kansas comparative fault statute (K.S.A. 60–258a) applies to this case. In interpreting this statute, the Kansas Supreme Court stated that:

> [T]he intent and purpose of the legislature in adopting K.S.A. 60–258a was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault.

*Brown v. Keill,* 224 Kan. 195, 580 P.2d 867, 876 (1978). Thus, it would seem that the statute was intended to have broad application.

However, before K.S.A. 60–258a was amended in 1987, it did not expressly apply to claims for economic loss. *See* K.S.A. 60–258a(a) (1983); *Federal Sav. & Loan Ins. Corp. v. Huff,* 237 Kan. 873, 704 P.2d 372, 377 (1985). Plaintiff relies, in part, on *Huff* to argue that comparative fault should not be applied in this case.

In *Huff,* the FSLIC, as receiver of an insolvent savings and loan association, brought suit against the former officers of the association for breach of fiduciary duty to recover the association's economic loss from improvident loans. The defendant officers asserted the comparative fault statute (K.S.A. 60–258a) as a defense and sought to have their respective negligence compared to each other as well as to other nondefendants (borrowers, guarantors, and appraisers). The Kansas Supreme Court, by way of answer to a certified question from the United States District Court for the District of Kansas, held that the comparative fault statute did not apply to the action and found that the statutory law and public policy of Kansas required that the defendants be held jointly and severally liable. *See* 704 P.2d at 377–79. The court reasoned that since contributory negligence would not have been available as a defense, comparative negligence could not be a defense. *Id.* 704 P.2d at 377. The court also found that K.S.A. 60–258a did not apply to actions seeking damages for economic loss to a savings and loan institution resulting from breaches of fiduciary duty by its officers. *Id.*

K.S.A. 60–258a was subsequently amended, effective July 1, 1987, to include actions for economic loss. *See* K.S.A. 60–258a(a) (Supp.1987). Whether *Huff* is still good law after this amendment and whether the amendment applies to causes of action that arose before July 1, 1987 was directly addressed in *Wichita Federal Sav. & Loan Ass'n v. Black,* 245 Kan. 523, 781 P.2d 707 (1989).

In *Wichita Fed. Sav. & Loan Ass'n,* a savings and loan association sued its former president for negligent trading in fi-

nancial futures and the president sought to have his negligence compared to that of the association's directors. The Supreme Court of Kansas found its reasoning in *Huff* concerning the applicability of comparative negligence to be "somewhat suspect" and indicated that the 1987 amendment to K.S.A. 60–258a overruled *Huff.* 781 P.2d at 720–21.

However, the court held that the 1987 amendment did not apply retroactively. *Id.* Thus, because the cause of action arose and the suit was filed before July 1, 1987 (the effective date of the amendment), the court held that comparative fault did not apply. *Id.* In the case at bar, the litigants are in disagreement as to when the cause of action arose. *See, e.g.,* Ashley Defendants' Motion for Summary Judgment. However, despite this disagreement as to the exact date, it is clear that the FDIC's cause of action arose sometime in December of 1984 which is well before the effective date of the amendment.[1] Therefore, under *Wichita Fed. Sav. & Loan Ass'n,* K.S.A. 60–258a, as amended, does not apply to this case and the decision in *Huff* is controlling. Thus, in the case at bar, comparative negligence is not available to the Ashley defendants as an affirmative defense and is stricken.

 Further, even if Kansas state law was not incorporated as the federal rule of decision, federal law provides that comparative negligence is not available against the FDIC in its regulatory pre-bank closing capacity as bank supervisor and examiner. *See FDIC v. Renda,* 692 F.Supp. at 134–36 ("The counterclaims and affirmative defenses which address the [alleged negligent] acts of the FDIC and FSLIC in their corporate capacity must be dismissed and stricken for two reasons: First, the United States has not waived its sovereign immunity with respect to these claims and defenses, and second, no duty to the defendants arises from the regulatory activities

of the FDIC and the FSLIC."); *Federal Deposit Ins. Corp. v. Oakes,* No. 89–2261–S, 1989 WL 151954 (D.Kan. Nov. 3, 1989) ("[U]nder established [federal] case law, FDIC owes no duty to bank directors and officers for pre-bank closing activities." (citing the "no-duty" rule of *First State Bank of Hudson County v. U.S.,* 599 F.2d 558, 561–66 (3d Cir.1979), *cert. denied,* 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980))).

## II. MITIGATION OF DAMAGES

The mitigation of damages defense asserted by the Ashley defendants addresses the alleged failure of the FDIC to mitigate its losses when it collected the Bank's outstanding loans during the post-bank closing period. As noted above, state law applies when the FDIC is acting in its capacity as receiver and "[g]enerally, an action may lie against the FDIC and the FSLIC for their acts as receivers." *FDIC v. Renda,* 692 F.Supp. at 136.

Applying Kansas state law:

The duty of an injured party to mitigate damages has long been recognized by the Kansas courts[:] 'It is a general rule of law that one who is injured by the wrongful or negligent acts of another is bound to exercise reasonable care and diligence under the circumstances to avoid loss or to minimize the resulting damages and to the extent that his damages are the result of the failure to exercise such care and diligence, he cannot recover.'

*Home Life Ins. Co. v. Clay,* 13 Kan.App.2d 435, 773 P.2d 666, 674 (1989) (citation omitted).

 Plaintiff argues that FDIC owed no duty to the Bank's officers and directors when it acted as a liquidator and therefore, had no duty to mitigate its damages. However, this court has found that "the FDIC and the FSLIC as receivers act for the

---

1. FDIC filed its complaint on December 16, 1987, after the effective date of the amendment. However, when the cause of action arose appears to be the primary basis for the court's determination that K.S.A. 60–258a, as amended, did not apply. *See* 781 P.2d at 720–21 ("When the legislature enacted the original K.S.A. 60–258a in 1974, it also enacted K.S.A. 60–258b, which stated: 'The provisions of this act shall not apply to any cause of action which has accrued prior to the effective date of this act.' ").

benefit of the failed institutions and their creditors, depositors, and shareholders." *FDIC v. Renda,* 692 F.Supp. at 136. Thus, even though the duty to mitigate damages may not be owed directly to the directors, the FDIC is still under an obligation to "exercise care and diligence" in liquidating the Bank's assets for the "benefit of the failed institutions and their creditors, depositors, and shareholders." It follows that the Ashley defendants' affirmative defense of failure to mitigate damages is allowed.

Further, even if the FDIC as receiver owes no duties to anyone, the defense of failure to mitigate damages is still available to the Ashley defendants because the legal requirement to mitigate damages is not actually a "duty," but a limitation on the amount of damages recoverable by the plaintiff:

> The Kansas Supreme Court set forth what is meant by having a *duty* to mitigate damages: 'Our cases have frequently stated that one who is damaged by breach of contract is under a *duty* to minimize or mitigate his damages where he can do so by the exercise of reasonable diligence. The use of the term "duty" is criticized by the text writers. The rule more properly stated, is simply that damages are not recoverable for harm that the plaintiff should have foreseen and could have avoided by reasonable effort without undue risk, expenses or humiliation. Comment *d* to the Restatement [Contracts, § 336] explains why the term "duty" should not be employed: "It is not infrequently said that it is the 'duty' of the injured party to mitigate damages so far as that can be done by reasonable effort on his part. Since his legal position is in no way affected by his failure to make this effort, however, it is not desirable to say he is under a 'duty.' His remedy will be exactly the same, whether he makes the effort and avoids harm or not. But if he fails to make the reasonable effort with the result that his harm is greater that it would otherwise have been, he cannot get judgment for the amount of this avoidable and unnecessary increase.

> The law does not penalize his inaction; it merely does nothing to compensate him for the harm a reasonable man in his place would have avoided." '

*Home Life Ins. Co.,* 773 P.2d at 674 (citations omitted).

Finally, allowing the defense of failure to mitigate damages to be asserted against the FDIC is consistent with this court's decision in *Federal Deposit Ins. Corp. v. D.O.C., Ltd.,* No. 87–2460–V, 1990 WL 57893 (D.Kan. April 4, 1990) where the court held that the defendant, D.O.C., was entitled to assert the affirmative defense of recoupment against the FDIC for its failure to properly preserve collateral in its possession as receiver of an insolvent bank. The affirmative defenses of recoupment and failure to mitigate damages are closely related. The definition of recoupment includes the following: "[R]ecoupment is purely defensive, or in the nature of a common-law defense, and not a separate cause of action or a weapon of offense. It applies only by way of a *reduction, mitigation, or abatement of damages claimed by the plaintiff....*" *Waechter v. Amoco Production Co.,* 217 Kan. 489, 537 P.2d 228, 255 (1975) (citation omitted) (emphasis added). It follows that the defense of failure to mitigate damages may be asserted against the FDIC as receiver.

IT IS, THEREFORE, BY THE COURT ORDERED that the Ashley defendants' affirmative defense of comparative liability is stricken and the plaintiff FDIC's motion to strike this defense is granted.

IT IS FURTHER ORDERED that Ashley defendants' affirmative defense of failure to mitigate damages is allowed and the plaintiff FDIC's motion to strike this defense is denied.

IT IS SO ORDERED.