The **FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC)**, in its corporate capacity as an instrumentality and agency of the United States, Plaintiff,

v.

Albert J. CROSBY and the marital community composed of Albert J. and Jane Doe Crosby, et al., Defendants.

No. C91–162R.

United States District Court,
W.D. Washington,
at Seattle.

June 24, 1991.

Ronald M. Gould and Javier Perez, Perkins Coie, Seattle, Wash., for Federal Deposit Ins. Corp.

David John Lenci, Culp, Guterson & Grader, Seattle, Wash., for Albert J. Crosby and Jane Doe Crosby.

John P. Payseno, Renton, Wash., for Randall C. Riffe and Jane Doe Riffe.

Phillip D. Noble, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., for Roger G. Schmidt and Jane Doe Schmidt.

Richard Cole, Edmonds, Wash., Jay H. Zulauf, Mundt, MacGregor, Happel, Falconer, Zulauf & Hall, Seattle, Wash., for Douglas Ikegami, John Zevenbergen, Jane Doe Zevenbergen, Peter Lonetto and Jane Doe Lonetto.

David Strout, Danielson Harrigan & Tollefson, Seattle, Wash., for Richard Cole and Jane Doe Cole.

Richard Cole, Edmonds, Wash., for Derwin Roupe, Jane Doe Roupe, L. Dean Echelbergen and Jane Doe Echelbergen.

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on plaintiff's motion to strike affirmative defenses pursuant to Fed.R.Civ.P. 12(f). Having reviewed the motion, together with all documents in support and in opposition, and being fully advised, the court finds and rules as follows:

### I. FACTUAL BACKGROUND

This lawsuit arises out of the closing of Lynnwood Savings and Loan, a state-chartered, federally insured banking institution. Lynnwood was closed by the Washington State Office of Savings and Loan Institutions on June 24, 1988, and the Federal Savings and Loan Insurance Corporation was appointed as receiver. FSLIC sold Lynnwood's assets and liabilities to World Savings Bank, and retained potential claims held by Lynnwood against its directors and officers.

Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, FSLIC was dissolved, and its assets and liabilities were assigned to the Federal Deposit Insurance Corporation. The FDIC is successor to all claims of Lynnwood against its officers and directors.

The FDIC brought this action against three former officers or directors of Lynnwood, seeking damages for losses allegedly caused by negligence, gross negligence, breaches of fiduciary duty, and violations of federal and state law on the part of the defendants.[1] In their respective answers, defendants asserted the following affirmative defenses: contributory negligence, failure to mitigate damages, ratification, waiver, estoppel, and laches.[2] The pleadings do not state whether the defenses relate to conduct of FSLIC in performing regulatory examinations of Lynnwood before the receivership began, or to FSLIC's disposition of Lynnwood's assets to World Savings Bank during the receivership. For the purposes of this motion the court assumes defendants intend the defenses to apply to both types of conduct.

Plaintiff moves to dismiss the affirmative defenses on the ground that the defenses require the existence of a legal duty owed by plaintiff to defendants, and that no such duty arises from FSLIC's regulatory or liquidation-related conduct.

### II. DISCUSSION

■ An affirmative defense may be stricken pursuant to Federal Rule of Civil Procedure 12(f) if it is insufficient as a matter of law. *See FSLIC v. Burdette*, 696 F.Supp. 1183, 1186 (E.D.Tenn.1988);

---

1. Defendants include Albert J. Crosby and the marital community of Albert J. and Jane Doe Crosby; Randall C. Riffe and the marital community of Randall C. and Jane Doe Riffe; and Roger G. Schmidt and the marital community of Roger G. and Jane Doe Schmidt.

2. Defendant Schmidt's amended answer does not expressly include the ratification and contributory negligence defenses, but does adopt "any other defense asserted by any other defendant which is not inconsistent with the defenses asserted herein."

*FDIC v. Butcher,* 660 F.Supp. 1274, 1277 (E.D.Tenn.1987); *FDIC v. Berry,* 659 F.Supp. 1475, 1479 (E.D.Tenn.1987). An affirmative defense is insufficient if as a matter of law it cannot succeed under any circumstances. *Id.; United States v. Hardage,* 116 F.R.D. 460, 463 (W.D.Okl. 1987).

### A. The "No Duty" rule

■ Plaintiff argues that neither FSLIC's regulatory conduct prior to the receivership nor its disposal of Lynnwood's assets during the receivership give rise to a duty to defendants. *See FDIC v. Baker,* 739 F.Supp. 1401, 1404 (C.D.Cal.1990) (striking affirmative defenses asserted against FDIC).

■ Plaintiff is correct that FSLIC and FDIC owe no duty to bank officers and directors arising out of regulatory activity. *FSLIC v. Burdette,* 696 F.Supp. 1183, 1189 (E.D.Tenn.1988); *FDIC v. Berry,* 659 F.Supp. 1475, 1483 (E.D.Tenn.1987). The duty is owed to the insurance fund that covers the deposits. *See Burdette,* 696 F.Supp. at 1189.

Furthermore, FSLIC and FDIC owe no duty of care to former officers and directors of a failed institution arising from liquidation of the institution's assets during receivership. *See FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 25 (E.D.N.Y.1990) (based on policy against burdening public with losses due to errors in judgment by FSLIC as receiver of failed institution, affirmative defense of failure to mitigate damages was stricken); *Baker,* 739 F.Supp. at 1407 (pursuant to policy directives under Financial Institutions Reform, Recovery, and Enforcement Act, FDIC has discretion in disposing of failed institution's assets, and its actions carry "no duty to any but the public").

The defendants argue that this case is analogous to cases brought under the Federal Tort Claims Act. *See FDIC v. Carter,* 701 F.Supp. 730, 736 (C.D.Cal.1987) (analogizing to Federal Tort Claims Act). The FTCA has been interpreted to prohibit claims against the government regarding discretionary decisions grounded in social, economic, and political policy, but to allow claims as to proprietary decisions, which involve routine ministerial tasks of government. *Id.* According to the defendants, FSLIC's activity in selling Lynnwood's assets to World Savings was purely ministerial and not grounded in social or economic policy. *See id.; FDIC v. Cherry, Bekaert, & Holland,* 742 F.Supp. 612, 614 (M.D.Fla. 1990) (affirmative defenses could be asserted against FDIC based on agency's disposal of bank assets, which was performed in FDIC's corporate role, rather than its role as receiver).

The defendants' argument is refuted by the Financial Institutions Reform, Recovery, and Enforcement Act, *see* 12 U.S.C. §§ 1421 et seq. The Act charges the FDIC and Resolution Trust Corporation with effecting efficient disposition of property of defaulting institutions, and grants the FDIC and RTC discretion in implementing that goal.[3] Since the FDIC has discretion in performing its duties, its activity in liquidating assets is neither ministerial nor purely proprietary. *See Baker,* 739 F.Supp. at 1406. The analogy to the FTCA therefore does not support the assertion of affirmative defenses against plaintiff.

Defendants argue that since the action was brought by FDIC as assignee of claims that belonged to FSLIC as receiver, it is subject to defenses that could have been asserted against FSLIC based on its activity as receiver. *See FDIC v. Cherry, Bekaert, & Holland,* 742 F.Supp. 612, 615

---

**3.** Under 12 U.S.C. § 1441a(b)(3), the Resolution Trust Corporation as receiver for failed banking institutions is charged with conducting operations so as to (i) maximize present value return from sale or disposition of assets; (ii) minimize impact of such transactions on local real estate and financial markets; (iii) make efficient use of government funds; (iv) minimize amount of loss realized in resolution of cases; and (v) maximize preservation of availability and affordability of residential real property for low- and moderate-income persons.

Under 12 U.S.C. § 1821(h), the FDIC is charged with fully considering adverse economic impact on local communities of actions taken during administration and liquidation of loans of a depository institution in default.

(M.D.Fla.1990) (FDIC acting in corporate capacity as assignee took assignment subject to any defenses obligor could raise against assignor). The principle of assignment stated by defendants is accurate, but as set forth above, FSLIC as receiver owed no duty of care to the officers and directors of the failed bank.

Defendants argue that because FDIC is assignee of claims that belonged to Lynnwood, FDIC is subject to defenses that could have been asserted against Lynnwood. The court rejects the argument. Defendants cannot claim Lynnwood's comparative negligence or failure to mitigate damages as defenses to their own conduct. Any breach of duty by a Lynnwood agent or employee other than defendants possibly can support a claim by defendants against that person. However, this court holds as a matter of law that such allegations do not constitute valid affirmative defenses against FDIC.

Defendants argue that even if there was no duty on the part of FSLIC or FDIC, the affirmative defense of failure to mitigate damages is available to them. According to defendants, the legal requirement to mitigate damages is not a duty, but rather a limitation on the amount of damages recoverable by the plaintiff. *See FDIC v. Ashley*, 749 F.Supp. 1065, 1069 (D.Kan.1990) (denying motion to strike affirmative defense of failure to mitigate damages). However, *Ashley* was decided based on Kansas state law. The weight of authority is that there can be no mitigation defense in the absence of a duty. *See, e.g., Eckert, Seamans Cherin & Mellott*, 754 F.Supp. at 26; *Baker*, 739 F.Supp. at 1407.

B. *Laches*

The defense of laches is not applicable in actions brought by the FDIC in its corporate capacity. *See Baker*, 739 F.Supp. at 1407 (citing *FDIC v. Roldan Fonseca*, 795 F.2d 1102, 1109 (1st Cir. 1986)). Defendants cite no case to the contrary. The defense will be stricken.

Now, therefore, plaintiff's motion to strike affirmative defenses is GRANTED.