**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver,**

**For and on Behalf of HERITAGE BANK AND TRUST, Plaintiff,**

v.

**John W. LOWE, Defendant,**

and

**John W. Lowe and R. Clark Arnold, formerly doing business as Lowe & Arnold, Defendants.**

**Civ. No. 90–C–388W.**

United States District Court, D. Utah, C.D.

Feb. 26, 1992.

Mark E. Friedman, Robert C. Weaver, Renee E. Rothauge, Portland, OR, Kevin N. Anderson, Robert Palmer Rees, Salt Lake City, UT, Jeffrey R. Williams, F.D.I.C., Washington, DC, for receiver, F.D.I.C. and plaintiff, Heritage Bank and Trust.

Paul M. Belnap, Stephen J. Trayner, H. Burt Ringwood, Salt Lake City, UT, for defendants, John W. Lowe and Lowe & Arnold.

D. Gary Christian, Shawn McGarry, Salt Lake City, UT, for defendant, R. Clark Arnold.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

### I. INTRODUCTION

This matter is before the court on plaintiff's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for Heritage Bank and Trust ("Heritage"), and defendants John W. Lowe and John W. Lowe and R. Clark Arnold, formerly doing business as Lowe & Arnold ("Lowe" or "Lowe defendants"), and R. Clark Arnold submitted memoranda in this matter, which was argued orally on January 30, 1992. Mark E. Friedman, Robert C. Weaver and Robert P. Rees appeared on behalf of FDIC. Paul M. Belnap and H. Burt Ringwood appeared on behalf of John W. Lowe and Lowe & Arnold. D. Gary Christian and Shawn McGarry appeared on behalf of R. Clark Arnold. Following oral

argument, the court took this matter under advisement. After considering the arguments of counsel, the memoranda and relevant authority, the court now renders the following decision and order.

## II. BACKGROUND

Heritage was a Utah state chartered bank with its deposits insured by the FDIC. The FDIC alleges that, beginning in 1983, Heritage entered into a series of transactions ("Hartwell Transaction") culminating in a $4.5 million loan to Hartwell International, a Netherlands Antilles corporation. The FDIC further alleges that Heritage came under almost immediate criticism by banking regulators for its participation in the Hartwell Transaction. The regulators contended that the Hartwell Transaction threatened the fiscal integrity of Heritage, and believed that the Hartwell Transaction was a scam.

The Utah State Department of Financial Institutions closed Heritage on April 29, 1987 and appointed FDIC receiver of that institution. The FDIC, in its capacity as receiver, has brought this action against Lowe, the attorney who represented Heritage in the Hartwell Transaction, and against Lowe and R. Clark Arnold, as partners in Lowe's law firm during that period.[1] The FDIC alleges that Lowe breached various legal and ethical duties by simultaneously representing Heritage and some of Heritage's officers, directors and investors. The FDIC further alleges that Lowe failed to exercise reasonable care in advising Heritage with regard to the Hartwell Transaction. These breaches by Lowe, according to FDIC, resulted in damage to Heritage.

The Lowe defendants have asserted various affirmative defenses against the FDIC in its capacity as the receiver of Heritage's assets. These defenses include estoppel, laches, unclean hands, failure to mitigate damages and that the Lowe defendants neither caused nor proximately contributed to cause the damage to Heritage. The FDIC has moved for judgment on the pleadings under Rule 12(c) with regard to these affirmative defenses. The FDIC ar-

gues that the affirmative defenses are insufficient because its actions as receiver are protected as discretionary governmental activities, because FDIC owes no duty to the defendants, and because public policy so requires.

## III. DISCUSSION

Motions for judgment on the pleadings are not favored in the law and are not granted unless the moving party establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Lambert v. Inryco, Inc.*, 569 F.Supp. 908, 912 (D.Okla.1980). Judgment on the pleadings is inappropriate unless the court is satisfied that the non-moving party can prove no set of facts which would form the basis for relief. *Id.; see also George C. Frey Ready Mixed Concrete v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977).

The Lowe defendants' answer at times fails to make clear against whom it asserts its affirmative defenses. Neither was this issue completely clarified at the time of oral argument. Among the parties against whom the answer may assert defenses are the FDIC in its corporate capacity as the regulator of Heritage, FDIC in its capacity as the receiver of Heritage's assets, and Heritage's former officers and directors. For the reasons set forth below, the court rules that affirmative defenses directed against FDIC in its capacity as a regulator of a failed bank, and in its capacity as the receiver of a failed bank's assets are insufficient as a matter of law. To the extent, however, that the Lowe defendants assert affirmative defenses against the former officers and directors of Heritage, the FDIC's motion will not be granted, and these may be asserted depending on what is presented factually at trial.

### A. *Affirmative Defenses Against the FDIC as Regulator*

■ It is well settled that affirmative defenses asserted against the FDIC in its capacity as a regulator of banking activi-

---

**1.** Lowe and Arnold subsequently dissolved their    partnership.

ties are insufficient as a matter of law. *FDIC v. Crosby,* 774 F.Supp. 584, 586 (W.D.Wash.1991); *see also FDIC v. Ashley,* 749 F.Supp. 1065, 1068 (D.Kan.1990) (contributory negligence not available against FDIC for pre-closing activities) (applying Kansas law); *FDIC v. Renda,* 692 F.Supp. 128, 134–35 (D.Kan.1988) (FDIC's regulatory activities no basis for affirmative defenses); *FDIC v. Carter,* 701 F.Supp. 730, 737–38 (C.D.Cal.1987) (pre-receivership activities of FDIC cannot form basis of counterclaims or affirmative defenses); *FDIC v. Butcher,* 660 F.Supp. 1274, 1282 (E.D.Tenn. 1987) (counterclaims based upon regulatory activities of FDIC not allowed); *In re Franklin Nat'l Bank Sec. Litigation,* 478 F.Supp. 210, 215–16 (E.D.N.Y.1979) (FDIC's power to examine banks does not result in duty or liability). Whether utilizing an analysis based upon sovereign immunity and discretionary action, *see, e.g., Renda,* 692 F.Supp. at 134–35; *Carter,* 701 F.Supp. at 737; or upon a lack of duty, *see, e.g., Crosby;* 774 F.Supp. at 586; *Butcher,* 660 F.Supp. at 1282; *In re Franklin,* 478 F.Supp. at 215–16; or both, *see, e.g., Ashley,* 749 F.Supp. at 1068, the courts have uniformly rejected assertions of liability on the basis of actions by banking regulators. As a result, to the extent that the Lowe defendants have asserted affirmative defenses against the FDIC in its capacity as a bank regulator, those defenses are insufficient as a matter of law.

### B. *Affirmative Defenses Against FDIC as Receiver of the Assets of Heritage*

■ The liability of FDIC as receiver of Heritage's assets is a closer question. Some courts have held that FDIC, when acting as a receiver of a failed bank, is no different from any other party. *FDIC v. Harrison,* 735 F.2d 408, 411–13 (11th Cir. 1984) (when operating in commercial context, FDIC is like any private concern). A widely cited case for this proposition is *FDIC v. Carter,* 701 F.Supp. at 730. In *Carter,* the FDIC brought suit in its capacity as receiver against the former officers and directors of the bank. The officers and directors made various counterclaims and asserted several affirmative defenses. The FDIC argued that the affirmative defenses should be stricken, because the actions of the receiver forming the basis for the defenses were within the discretionary function exception of the Federal Tort Claims Act ("FTCA"). The court rejected the FDIC's argument, holding that the FDIC can be liable for negligence for non-discretionary acts undertaken as the receiver of a failed bank. *Id.* at 737.[2]

Other courts, however, have held that the actions taken by the FDIC while acting as the receiver of a failed bank cannot serve as the basis for affirmative defenses. Some of these courts have based their decision on the fact that receivership activities of the FDIC are discretionary in nature and therefore fall within the discretionary function exception of the FTCA. *See, e.g., FDIC v. Stanley,* 770 F.Supp. 1281, 1309 (N.D.Ind.1991) (actions of FDIC as receiver are ministerial and not basis for reducing FDIC's recovery against former officers and directors); *Gibson v. Resolution Trust Corp.,* 750 F.Supp. 1565, 1573 (S.D.Fla. 1990) (Resolution Trust Corporation's actions as conservator cannot serve as the basis for estoppel). Others have found that since the FDIC owes no duty to the defendants, affirmative defenses are legally insufficient. *See, e.g., FDIC v. Baker,* 739 F.Supp. 1401, 1407 (C.D.Cal.1990) (affirmative defenses of mitigation of damages, waiver, unclean hands, intervening causes, estoppel and contributory negligence stricken); *FDIC v. Greenwood,* 719 F.Supp. 749, 750–51 (C.D.Ill.1989) (motion in limine excluding evidence of FDIC's actions as receiver allowed); *FDIC v. Carl-*

---

**2.** Another court in the same district as the *Carter* court declined to follow the *Carter* decision. *See FDIC v. Baker,* 739 F.Supp. 1401, 1407 (C.D.Cal.1990). Additionally, at least one court has suggested that the United States Supreme Court's decision in *United States v. Gaubert,* —— U.S. ——, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), overruled *Carter* to the extent *Carter* held that the FDIC's actions as receiver can serve as the basis for an affirmative defense. *See FDIC v. Stanley,* 770 F.Supp. 1281, 1309 (N.D.Ind.1991) (FDIC's receivership activities are ministerial and cannot be basis for affirmative defense).

*son,* 698 F.Supp. 178, 179 (D.Minn.1988) (affirmative defense of contributory negligence stricken). Still other courts have found that public policy prohibits imposing liability on the FDIC. *See, e.g., FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 25–26 (E.D.N.Y.1990) (affirmative defense of mitigation of damages stricken); *FSLIC v. Burdette,* 718 F.Supp. 649, 663–64 (E.D.Tenn.1989) (affirmative defenses against FSLIC of contributory negligence and mitigation of damages stricken).

This court is persuaded by the reasoning of those decisions that provide the FDIC some protection for its receivership activities. In *FSLIC v. Oldenberg,* this court granted a motion in limine excluding evidence of FSLIC's conduct in disposing of receivership assets, explaining that

> [i]f this were an ordinary tort case, defendants' argument would have merit. In that event, if the evidence were to show that FSLIC's own negligence (either in connection with general management matters or in working out specific loans) had caused or contributed to its losses, its claims would be barred or reduced. However, this is not an ordinary tort case. Rather, it is one which arises within a special context, invoking special considerations of public policy.... FSLIC has been created for the purpose of preserving the integrity of the national banking system by providing an insurance fund to cover the deposits of failed and failing institutions. FSLIC owes no duty to those institutions or to those who have brought them to the brink of disaster.

*FSLIC v. Oldenberg,* No. C–85–1418W, slip op. at 3, 1990 WL 482464 (D.Utah Feb. 27, 1990) (quoting *FSLIC v. Roy,* 57 U.S.L.W. 2099, 1988 WL 96570 (D.Md.1988)).

Similarly, in the case at bar, the FDIC owes the defendants no duty in disposing of receivership assets. Moreover, public policy militates against judicial second-guessing of FDIC's actions or requiring the public at large to bear the costs of FDIC dealing with the intricacies of disposing of the assets of a failed bank. Accordingly,

the court adopts the reasoning of *Oldenberg* and *Roy* and other decisions providing protection for FDIC in its receivership activities, and disallows the affirmative defenses to the extent that they are asserted against the FDIC for its actions as receiver of Heritage.

### C. *Affirmative Defenses Against the Former Officers and Directors of Heritage*

■ To the extent that the Lowe defendants assert their affirmative defenses against the former officers and directors of Heritage, FDIC's motion for judgment on the pleadings will not be granted. Affirmative defenses asserted against such persons may be appropriate, depending on what facts are developed. *Renda,* 692 F.Supp. at 136–37. Not only may the Lowe defendants be able to assert these defenses against Heritage's officers and directors, they may also be able to raise issues of causation central to FDIC's claim. The court will not prohibit the Lowe defendants from attempting to reduce their liability by presenting evidence that other parties than FDIC contributed to the loss that FDIC is seeking to recover. *See id.; see also FDIC v. Cherry, Bekaert & Holland,* 742 F.Supp. 612, 615 (M.D.Fla.1990) (defendants accountants allowed to assert affirmative defenses against former officers and directors); *In re Franklin,* 478 F.Supp. at 223 (summary judgment on affirmative defenses against FDIC denied because issues of causation must still be addressed at trial). Accordingly, the Lowe defendants' affirmative defenses against the former officers and directors of Heritage will remain.

Accordingly,

IT IS HEREBY ORDERED that:

1. The affirmative defenses are insufficient as a matter of law to the extent that the Lowe defendants assert them against the FDIC in its corporate capacity as regulator of Heritage, or against FDIC for actions taken while the receiver of Heritage's assets and FDIC's Rule 12(c) motion is granted in those circumstances.

2. The affirmative defenses are not insufficient as a matter of law to the extent

that the Lowe defendants assert them against Heritage's former officers and directors and FDIC's Rule 12(c) motion is denied in those circumstances.

3. This memorandum decision and order will suffice as the court's ruling on this motion and no further order need be prepared by counsel.