**RESOLUTION TRUST CORPORATION,**
**In Its Corporate Capacity and as Assignee of the Receiver of Deep East Texas Savings Association, Plaintiff,**

v.

**Hubert VESTAL, Elray King, William E. Haynie, Richard Gill Tubb and R.Q. Perkins, Defendants.**

No. 1:92–CV–0096.

United States District Court,
E.D. Texas,
Beaumont Division.

July 23, 1993.

---

Timothy J. Hogan, Bell & Murphy, Houston, TX, for plaintiff.

John J. Durkay, John Cash Smith, Mehaffy & Weber, J. Hoke Peacock II, Howard L. Close, Orgain, Bell & Tucker, Beaumont, TX, J. Craig Cowgill, J. Craig Cowgill & Associates, Houston, TX, Harry W. Stafford, Wheat Stafford & Allison, Woodville, TX, for defendants.

## ORDER

COBB, District Judge.

### I. BACKGROUND

The Resolution Trust Corporation ("RTC"), as receiver for Deep East Texas Savings Association ("DETSA"), sues DETSA's former directors and shareholders for allegedly making certain bad loans to insiders, improperly diverting loan proceeds, and engaging in reckless loan and investment transactions. The RTC is asserting causes of action for breach of fiduciary duty, fraud, negligence, gross negligence, and civil conspiracy. It claims damages in excess of five million dollars.

### II. RTC'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OR FOR PARTIAL SUMMARY JUDGMENT

In paragraph V of his original answer, defendant Elray King (director and president of DETSA) states, as an affirmative defense:

> The United States Government, acting through various agencies, such as the Federal Home Loan Bank Board ("FHLBB"), the Federal Savings & Loan Insurance Corporation ("FSLIC"), the Resolution Trust Corporation ("RTC"), and the Office of Thrift Suspension [sic] ("OTC") has exercised complete control over the affairs of Deep East Texas Savings Association since March 16, 1989. This defendant is not responsible for the damages caused by the United States Government's negligence incompetence, mismanagement, poor business practices or failure to mitigate their damages.

The RTC asserts that this court lacks jurisdiction to adjudicate these affirmative defenses, and, alternatively, the defenses are not proper or viable against it. It therefore filed a motion to strike King's affirmative defense or for partial summary judgment.

#### A. *Timeliness of motion*

■ As a preliminary matter, the RTC failed to file its motion to strike within 20 days after service of the answer. Fed. R.Civ.P. 12(f).[1] Under the circumstances,

---

1. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of

this court has several options. First, it can disallow the motion. It can also exercise its discretion to either strike the pleadings on its own initiative or enlarge the RTC's time beyond the 20 days permitted in Rule 12(f). *Id.;* Fed.R.Civ.P. 56(f).

Alternatively, the court can look elsewhere. Although the RTC's motion is untimely as to Rule 12(f), it finds new life under Rule 56. That rule permits the entry of partial summary judgment where no issue of material fact exists and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see also Oregon Laborers–Employers Trust Funds v. Pacific Fence and Wire Co.,* 726 F.Supp. 786, 788 (D.Ore.1989) (party has the right to challenge the legal sufficiency of a defense at any time). Since the court finds that partial summary judgment is appropriate in this case, it will accept the RTC's motion.

**B. *This court has no subject matter jurisdiction to adjudicate King's affirmative defenses***

▉ An affirmative defense may be stricken if it is insufficient as a matter of law. Fed.R.Civ.P. 12(f). An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances. *Brown &*

the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f).

2. FIRREA established administrative procedures for the consideration of those claims against failed banks and their receivers. 12 U.S.C. §§ 1821(d)(5), 1441a(b)(4)(A) (1989).

3. *Except as otherwise provided in this subsection,* no court shall have jurisdiction over—
(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.
12 U.S.C. § 1821(d)(13)(D) (1989).

4. Before the end of the 60–day period beginning on the earlier of—

*Williamson Tobacco Co. v. United States,* 201 F.2d 819, 822 (6th Cir.1953).

▉ This court has no jurisdiction, in this case, to adjudicate affirmative defenses of contributory negligence or failure to mitigate. Under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), those defenses are based upon the conduct of federal banking agencies and Defendant King has failed to exhaust his administrative remedies regarding those claims. 12 U.S.C. § 1821(d)(13)(D) (1989).[2]

Section 1821(d)(13)(D) states that no court shall have jurisdiction over any action seeking a determination of rights with respect to the assets of any depository institution for which the RTC has been appointed receiver, or any claim relating to any act or omission of such institution or the RTC as receiver. 12 U.S.C. § 1821(d)(13)(D) (1989).[3] The only statutory exception calls for any such claim to be first submitted for consideration through the administrative claims process. 12 U.S.C. 1821(d)(6)(A).[4] Under Section 1821(d)(6)(A)'s exception, Defendant King could have filed suit before the RTC was appointed receiver or after the RTC disallows his claim. He did neither. FIRREA, therefore, disallows his claim.

(i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against the depository institution for which the Corporation is receiver; or
(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may request administrative review ... or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district ... court of the United States....
12 U.S.C. § 1821(d)(6)(A) (1989).
Section 1811 defines "Corporation" as the Federal Deposit Insurance Corporation ("FDIC") and does not mention the RTC. 12 U.S.C. § 1811 (1989). The Fifth Circuit explained, however, that the language extends to the RTC. In *Meliezer v. Resolution Trust Corp.,* 952 F.2d 879, 881 (5th Cir.1992), the plaintiff, a borrower from an insolvent savings institution ("S & L"), sued the RTC, as receiver, because the S & L was negligent in underinsuring the property for which it held the mortgage. Quoting Section 1821(d)(13)(D) of FIRREA, the Fifth Circuit held the district court has no jurisdiction over claims against the RTC if the plaintiff did not meet the administrative exhaustion requirement. *Id.* at 882.

King has not pled that he exhausted his administrative remedy either. The administrative exhaustion requirement is strictly enforced as a matter of subject matter jurisdiction. *Meleizer v. RTC,* 952 F.2d 879, 881 (5th Cir.1992). Since King has not exhausted his administrative remedies and does not qualify for the statutory exception, this court lacks jurisdiction to adjudicate the merits of his affirmative defenses.

### C. *Alternatively, King's affirmative defenses are not available in this case*

Even if King had met the administrative requirements of FIRREA, his affirmative defenses would necessarily fail as a matter of law. The RTC owes no duty of care to former officers and directors of failed institutions arising from its management of the institution's assets during receivership. *See e.g., Federal Deposit Ins. Corp. v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 25 (E.D.N.Y.1990); *cf. United States v. Gaubert,* 499 U.S. 315, 326–27, 111 S.Ct. 1267, 1275–76, 113 L.Ed.2d 335 (1991) (federal agency's actions in regulating and supervising banks and thrifts are "discretionary functions"). For example, in *Federal Deposit Insurance Corporation v. Crosby,* 774 F.Supp. 584, 586 (W.D.Wash 1991), the court held the FSLIC and the FDIC owe no duty of care to former officers and directors of a failed institution arising from the liquidation of the institution's assets. The defendant argued the saving and loan's negligence could be imputed to the FDIC. The court disagreed, stating the only duty the FDIC owed was to the public. *Id.* Thus, the affirmative defense of the contributory negligence of the original party (for whom the FSLIC was the assignee of claims) was not effective against these agencies as a matter of law. *Id.* at 587.

Similarly in this case, none of the RTC's conduct prior to receivership, or in its management of DETSA's assets during receivership, can give rise to a duty to the institution's officers and directors.

### III. CONCLUSION

This court must grant the RTC's motion on two alternative grounds. First, the court lacks jurisdiction over the subject matter. King failed to exhaust his administrative remedies, as required by FIRREA. Until he does so, this court cannot consider his affirmative defenses.

Alternatively, King's affirmative defenses must fail as a matter of law. In a suit against the officers and directors for negligence, gross negligence, and breaches of fiduciary duty, the officers and directors may not assert affirmative defenses of contributory negligence or failure to mitigate damages.

It is therefore ordered that the RTC's Motion to Strike or for Partial Summary Judgment is GRANTED.